UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NATHANIAL JAMES HASHER,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>CITY OF ROCHESTER, a Minnesota municipal entity; OFFICER E. FRITZ, Badge No. 187, personally, individually, and in his capacity as a Rochester Police Officer; OFFICER FAUDSKAR, personally, individually, and in his capacity as a Rochester Police; Officers JANE DOE and RICHARD ROE, unknown and unnamed Rochester Police officers, personally, individually, and in their capacities as Rochester Police Officers; and CHIEF OF POLICE ROGER L PETERSON, personally, individually, and in his official capacity,<br><br>　　　　　　　Defendants. | NO. 2:23-CV-0196-TOR<br><br>ORDER DISMISSING COMPLAINT |

ORDER DISMISSING COMPLAINT ~ 1

BEFORE THE COURT is Plaintiff's Complaint. ECF No. 1. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, all claims asserted in Plaintiff's Complaint (ECF No. 1), are **DISMISSED with prejudice**.

## BACKGROUND

Plaintiff Nathanial James Hasher, proceeding *pro se* and *in forma pauperis*, filed this suit on July 11, 2023, against the City of Rochester, Minnesota and officers of their police department. Plaintiff's Complaint is a copy of a Complaint he appears to have filed in January 2022 in the District of Minnesota. Along with the Complaint is the docket sheet from the district of Minnesota that shows Defendants received a summary judgment ruling in their favor and costs were assessed against Plaintiff. Additionally, there is an order prohibiting Plaintiff from filing documents in that case without authorization of a judicial officer of that District. ECF No. 1 at 13.

## DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen a complaint filed by a party seeking to proceed *in forma pauperis*. 28 U.S.C. § 1915(e); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (noting that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"). Section 1915(e)(2) provides:

ORDER DISMISSING COMPLAINT ~ 2

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

Here, this Court does not have jurisdiction over the named Parties. Further, the case appears to have already been litigated and Plaintiff lost his case. Accordingly, the Court finds it does not have jurisdiction and Plaintiff's case is subject to *res judicata* (a cause of action may not be relitigated once it has been decided on the merits).

## OPPORTUNITY TO AMEND

Unless it is absolutely clear that amendment would be futile, a *pro se* litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded by statute*, 28 U.S.C. § 1915(e)(2), *as recognized in Aktar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). The Court finds that it is absolutely clear that no amendment will cure the

ORDER DISMISSING COMPLAINT ~ 3

deficiencies in Plaintiff's Complaint. Therefore, the Court dismisses Plaintiff's Complaint with prejudice.

### REVOCATION OF IN FORMA PAUPERIS STATUS

Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one, and good faith is demonstrated when an individual "seeks appellate review of any issue not frivolous." *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). For purposes of 28 U.S.C. § 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The Court finds that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact. Accordingly, the Court hereby revokes Plaintiff's *in forma pauperis* status.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Complaint (ECF No. 1) is **DISMISSED with prejudice**.
2. Plaintiff's *in forma pauperis* status is hereby **REVOKED**.
3. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact.

1  The District Court Executive is directed to enter this Order and Judgment

2  accordingly, forward copies to Plaintiff, and **CLOSE** the file.

3  DATED July 12, 2023.



THOMAS O. RICE
United States District Judge

ORDER DISMISSING COMPLAINT ~ 5